Ryan Lee, Esq. (SBN 235879)
Todd M. Friedman, Esq. (SBN 216752)
Nick Bontrager, Esq. (SBN 252114)
Krohn & Moss, Ltd.
10635 Santa Monica Blvd. Ste. 170
Los Angeles, CA  90025
T: (323) 988-2400; F: (866) 802-0021
rlee@consumerlawcenter.com
Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT,
## EASTERN DISTRICT OF CALIFORNIA- SACRAMENTO DIVISION

| | |
|---|---|
| CLARENCE ROANE TUNSTALL,<br><br>Plaintiff,<br><br>vs.<br><br>NCO FINANCIAL SYSTEMS, INC,<br><br>Defendant. | **Case No.:**<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>**(Unlawful Debt Collection Practices)**<br><br>**Demand Does Not Exceed $10,000** |

## COMPLAINT

CLARENCE ROANE TUNSTALL (Plaintiff), by his attorneys, KROHN & MOSS, LTD., alleges the following against NCO FINANCIAL SYSTEMS, INC. (Defendant):

### INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).  According to the FDCPA, the United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.  Congress wrote the FDCPA to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively

- 1 -

disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses. *15 U.S.C. 1692(a) – (e).*

2. Plaintiff brings this action to challenge Defendant's actions with regard to attempts by Defendant, a debt collector, to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

3. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## JURISDICTION AND VENUE

4. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy".

5. Because Defendant maintains a business office and conducts business in the state of California, personal jurisdiction is established.

6. Venue is proper pursuant to *28 U.S.C. 1391(b)(1).*

7. Declaratory relief is available pursuant to *28 U.S.C. 2201 and 2202.*

## PARTIES

8. Plaintiff is a natural person who resides in Baltimore, Maryland and is allegedly obligated to pay a debt and is a "consumer" as that term is defined by *15 U.S.C. 1692a(3).*

9. Defendant is a national company with a business office in Rancho Cordova, Sacramento County, California.

10. Defendant uses instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or

- 2 -

due another and is a "debt collector" as that term is defined by *15 U.S.C. § 1692a(6).*

**FACTUAL ALLEGATIONS**

11. Defendant constantly and continuously places collection calls to Plaintiff seeking and demanding payment for an alleged debt (see phone log attached hereto as Exhibit "A").

12. Defendant places constant collection calls to Plaintiff's cell phone at (443) 874-6770.

13. Plaintiff called Defendant in an attempt to validate the debt; however Defendant has constantly hung up on Plaintiff. Defendant would not disclose to Plaintiff who the original creditor on the account was.

14. Defendant informed that Defendant has filed a civil case against Plaintiff.

15. Defendant failed to provide Plaintiff with a thirty (30) day validation notice.

**COUNT I**
**DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT**

16. Defendant violated the FDCPA based on the following:

   a. Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse the Plaintiff.

   b. Defendant violated *§1692d(5)* of the FDCPA by causing a telephone to ring and engaging Plaintiff in telephone conversations repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff.

   c. Defendant violated *§1692e* of the FDCPA by using false, deceptive and misleading representation and means in connection with the debt collection.

   d. Defendant violated *§1692e(5)* of the FDCPA because Defendant made a false or misleading statement by informing Plaintiff, "Special Investigator Janice Detrict a civil case has been filed, so call (770) 783-1965 with the case #: ABK1601...,." thereby threatening to take legal action against Plaintiff even though Defendant did not intend to take such action.

   e. Defendant violated *§1692e(10)* of the FDCPA by using false representation and deceptive means to collect a debt or obtain information about a consumer.

- 3 -

f.  Defendant violated *§1692g(a)(1-5)* by failing to provide appropriate notice of the debt within 5 days after the initial communication including: (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within 30 days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the 30-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the 30-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

17. As a direct and proximate result of one or more or all of the statutory violations above Plaintiff has suffered emotional distress (see Exhibit "B").

**WHEREFORE**, Plaintiff, CLARENCE ROANE TUNSTALL, respectfully requests judgment be entered against Defendant, NCO FINANCIAL SYSTEMS, INC., for the following:

18. Declaratory judgment that Defendant's conduct violated the Fair Debt Collection Practices Act,

19. Statutory damages pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*,

20. Actual damages,

21. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*

22. Any other relief that this Honorable Court deems appropriate.

//

- 4 -

## **<u>DEMAND FOR JURY TRIAL</u>**

PLEASE TAKE NOTICE that Plaintiff, CLARENCE ROANE TUNSTALL, demands a jury trial in this cause of action.

RESPECTFULLY SUBMITTED,

DATED:  February 10, 2009                KROHN & MOSS, LTD.


By: /s/ Ryan Lee_____
        Ryan Lee

        Attorney for Plaintiff

- 5 -

3                    **VERIFICATION OF COMPLAINT AND CERTIFICATION**

4        STATE OF MARYLAND

5              Plaintiff, CLARENCE TUNSTALL, states as follows:
         1.       I am the Plaintiff in this civil proceeding.
6        2.       I have read the above-entitled civil Complaint prepared by my attorneys and I believe
                  that all of the facts contained in it are true, to the best of my knowledge, information
7                 and belief formed after reasonable inquiry.
         3.       I believe that this civil Complaint is well grounded in fact and warranted by existing
8                 law or by a good faith argument for the extension, modification or reversal of existing
                  law.
9        4.       I believe that this civil Complaint is not interposed for any improper purpose, such as
                  to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a
10                needless increase in the cost of litigation to any Defendant(s), named in the
                  Complaint.
11       5.       I have filed this Complaint in good faith and solely for the purposes set forth in it.
         6.       Each and every exhibit I have provided to my attorneys which has been attached to
12                this Complaint is a true and correct copy of the original.
         7.       Except for clearly indicated redactions made by my attorneys where appropriate, I
13                have not altered, changed, modified or fabricated these exhibits, except that some of
                  the attached exhibits may contain some of my own handwritten notations.

14

15       Pursuant to 28 U.S.C. § 1746(2), I, CLARENCE ROANE TUNSTALL, hereby declare (or
         certify, verify or state) under penalty of perjury that the foregoing is true and correct.

         DATE: _____    _____

16                                          CLARENCE  TUNSTALL,

17

18

19

20

21

22

23

24

25

- 6 -

COMPT.ArNT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

**<u>EXHIBIT A</u>**

COMPLAINT

NCO Calls

866 576-8284
Dec 23, 2008 12:36 pm


866 576-8284
Dec 23, 2008 12:36 pm


866 576-8284
Dec 26, 10:05 am

866 576-8284
Marcell Marcello


866 576-8284
Marcel Marcello
Dec 27, 11:56 am


866 576-8284
John Burks
Jan 8, 12:47 pm

866 816-1066
Ref #: ZCP295

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

**<u>EXHIBIT B</u>**

COMPLAINT

I have suffered from the following due to, or made worse by, the actions of the Defendant's debt collection activities:

| | | |
|---|---|---|
| 1. Sleeplessness | (YES) | NO |
| 2. Fear of answering the telephone | (YES) | NO |
| 3. Nervousness | (YES) | NO |
| 4. Fear of answering the door | YES | (NO) |
| 5. Embarrassment when speaking with family or friends | YES | (NO) |
| 6. Depressions (sad, anxious, or "empty" moods) | (YES) | NO |
| 7. Chest pains | YES | (NO) |
| 8. Feelings of hopelessness, pessimism | (YES) | NO |
| 9. Feelings of guilt, worthlessness, helplessness | (YES) | NO |
| 10. Appetite and/or weight loss or overeating and weight gain | YES | (NO) |
| 11. Thoughts of death, suicide or suicide attempts | (YES) | NO |
| 12. Restlessness or irritability | (YES) | NO |
| 13. Headache, nausea, chronic pain or fatigue | YES | (NO) |
| 14. Negative impact on my job | (YES) | NO |
| 15. Negative impact on my relationships | (YES) | NO |

Other physical or emotional symptoms you believe are associated with abusive debt collection activities: Even worse is not being able to get an answer on why I'm receiving the calls. They want information from me and do not answer my question as to what the calls are about. When I refuse until they tell me why the say angrily & threateningly that I'm not cooperating then hang up the phone

Pursuant to 28 U.S.C. § 1746(2), I hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: 2/9/09

_____
Signed Name

Clarence R. Tunstall Jr.
Printed Name